UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-221(DSD)

United States of America,

        Plaintiff,

v.  **ORDER**

Corey N. Johnston,

        Defendant.


This matter is before the court for upon the motion for issuance of restitution order by the government. Based on a review of the file, record and proceedings herein, the motion is granted.

## BACKGROUND

On April 28, 2011, the court sentenced defendant Corey Noel Johnston following his plea of guilty to bank fraud and filing a false income tax return. At sentencing the court adopted the presentence investigation report and ordered Johnston to make restitution to the victims in a then-undetermined amount. See Tr. 23:15-19. The presentence investigation report indicated a minimum restitution amount of $117,189,775.80 due to eighteen victims. See Amended Presentence Investigation Report ¶¶ 24, 100. Based on the complexity of the case, and the work of a receiver, more than 90 days were required to determine the final amount.

On September 28, 2011, the government moved for entry of a final order of restitution. The probation officer provided the

following updated list of victims and restitution amounts, based on information from the receiver:

| Victim | Loss Amount |
|---|---:|
| Maple Bank | $896,091 |
| Border State Bank | $1,315,216 |
| Sonoran Bank, N.A. | $864,221 |
| Bank Forward | $2,935,138 |
| Community Financial Bank | $421,012 |
| First Southern National Bank | $1,755,305 |
| Western National Bank | $19,810,570 |
| Charter Bank Eau Claire | $4,431,954 |
| Choice Financial Bank | $17,092,814 |
| FDIC | $4,077,753 |
| Minnwest Bank Luverne | $6,205,977 |
| Republic Bank of Chicago | $6,255,683 |
| The Bank of Weatherford | $788,615 |
| Community First Bank | $3,607,394 |
| LNV Corporation | $10,223,860 |
| The National Bank | $9,926,908 |
| Labette Bank | $575,961 |
| Tiffany & Bosco, P.A. | $8,570 |
| **Total Loss** | **$91,193,042** |

On October 13, 2011, the court notified the parties that it intended to enter a final order of restitution based on the updated information and gave the parties until October 27, 2011, to respond. See ECF No. 40. Neither party responded.

**DISCUSSION**

The Mandatory Victim Restitution Act (MVRA) requires the court to order restitution when sentencing a defendant convicted of an offense that cause pecuniary loss to a victim. See 18 U.S.C. § 3663A. When the losses are not ascertainable at the time of sentencing, the court sets a date for final determination, not greater than 90 days from sentencing. Id. § 3664(d)(4). "The primary and overarching goal of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." United States v. Balentine, 569 F.3d 801, 806 (8th Cir. 2009) (citations and internal quotation marks omitted). As a result, the procedural protections of the MVRA protect victims, not criminal defendants. Id. Therefore, the 90-day deadline "does not deprive the court of the power to order restitution." See Dolan v. United States, 130 S. Ct. 2533, 2539 (2010); Balentine, 569 F.3d at 807.

Additional investigation by the receiver shows that the amount of restitution owed is $91,193,042, which is over $25 million less than the initial amount. Johnston did not object to the amended

3

restitution amount. The court finds that the government has shown by a preponderance of the evidence that the victims are due restitution in the amount of $91,193,042.

Accordingly, **IT IS HEREBY ORDERED**:

1. That an amended sentencing judgment be entered reflecting restitution in the amount of $91,193,042 to be distributed to the victims in accordance with this order.

2. Over the period of incarceration, defendant shall make payments towards his restitution obligation of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. It is recommended that defendant participate in the Inmate Financial Responsibility Program while incarcerated.

3. Payments of not less than $250 per month are to be made over a period of 5 years commencing 30 days after release from confinement. Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victims. The interest requirement is waived.

Dated: October 31, 2011

s/David S. Doty  
David S. Doty, Judge  
United States District Court