```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Criminal No. 10-221(DSD)
```

United States of America,

        Plaintiff,

v.                                                              **ORDER**

Corey N. Johnston,

        Defendant.


This matter is before the court upon the pro se motion by defendant Corey N. Johnston for relief under Federal Rules of Civil Procedure 59(a)(2) and 60(b), and Federal Rule of Criminal Procedure 52(b). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

The background of this matter is fully set out in the court's June 19, 2012, order, and the court recites only those facts necessary to the disposition of the instant motion. On April 28, 2011, the court sentenced Johnston to a term of imprisonment of 72 months for bank fraud, in violation of 18 U.S.C. § 1344, and filing a false income tax return, in violation of 26 U.S.C. § 7206(1). See ECF No. 32. Johnston did not appeal his sentence.

On December 15, 2011, Johnston filed a Rule 60(b)(6) motion, which he subsequently converted into a 28 U.S.C. § 2255 motion.

See ECF Nos. 43, 46. The court denied the motion on June 19, 2012. See ECF No. 53. On August 15, 2012, Johnston submitted another Rule 60(b)(6) motion, which the court denied on August 16, 2012. See ECF No. 64. On May 31, 2013, Johnston moved again for relief from judgment pursuant to Federal Rules of Civil Procedure 59(a)(2) and 60(b), and Federal Rule of Criminal Procedure 52(b).

**DISCUSSION**

A court may grant relief under Rule 60(b) if a judgment, order, or proceeding stems from "mistake, inadvertence, surprise, or excusable neglect" or if a party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[1] Fed. R. Civ. P. 60(b)(1)-(2). When a petitioner requests relief under Rule 60(b), the court must examine whether the motion is more properly characterized as a successive § 2255 petition. See, e.g., United States v. Borrero, Nos. 03-281, 08-1160, 2010 WL 3927574, at *1 (D. Minn. Oct. 5, 2010). Under § 2255, "a second or successive § 2255 motion may not be entertained by a district court unless the

---

[1] Though Johnston cites Federal Rule of Civil Procedure 59(a)(2) and Federal Rule of Criminal Procedure 52(b), those rules are not applicable here. Rule 59(a)(2) sets forth procedures for reopening a judgment after a nonjury trial. Rule 52(b) simply provides that a "plain error that affects substantial rights may be considered even though it was not [previously] brought to the court's attention." As a result, the court construes Johnston's request for relief as arising only under Rule 60(b).

2

defendant has obtained approval from the Court of Appeals. The Eighth Circuit has repeatedly held that a defendant may not avoid this restriction by couching a second or successive motion as a Rule 60(b) motion." Id. (citations omitted). If a purported Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the ... motion to the Court of Appeals." Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

A review of Johnston's motion reveals that it is a successive habeas petition. Rule 60(b) motions "allow[ ] for attacks on the integrity of a civil habeas proceeding, but do[ ] not allow for the attack of the underlying conviction and sentencing in [a] criminal case." United States v. Graham, No. 98–1797, 2005 WL 2105474, at *2 (D. Minn. Aug. 26, 2005) (citation omitted). Here, Johnston does not challenge the integrity of his habeas proceedings. Rather, Johnston argues that new evidence entitles him to resentencing. Specifically, Johnston argues he had undisclosed loans at the time of sentencing, which would have reduced the amount of loss attributed to his criminal behavior and thereby reduce his offense level and sentence. ECF No. 72, at 13. Because Johnston's motion "does not attack the procedure surrounding his habeas motion, but rather, his ... sentencing," his motion is a successive § 2255 motion. Graham, 2005 WL 2105474, at *2. Because

3

Johnston failed to obtain certification to file a successive motion from the Eighth Circuit, the motion is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

    1.    The motions for relief from judgment [ECF Nos. 72, 76] are denied;

    2.    The application to proceed in forma pauperis [ECF No. 73] is denied as moot; and

    3.    Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 10, 2013

                                       s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court